United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Jillanne Shafto,  Case No. 13-57025-wsd
                Debtor.  Chapter 7
_____/

## OPINION DENYING DEBTOR'S CORRECTED MOTION TO CONVERT CASE TO CHAPTER 13

On December 17, 2014, Debtor filed a corrected motion to convert her case to Chapter 13. The Trustee filed an objection. On April 29, 2015, the Court conducted an evidentiary hearing and took the matter under advisement. For the reasons set forth below, the Court concludes that Debtor is not eligible under Chapter 13, and for that primary reason her motion is denied.

## BACKGROUND

On September 11, 2013, Debtor filed for Chapter 7 relief. At the time she filed her petition, Debtor was the owner of a 1/2 interest in real property located at 4014 Lark Avenue, Waterford MI 48328. The Betty L. Schneider Trust was the owner of the other 1/2 interest in the real property. Betty Schneider was Debtor's mother and they both were living at the Lark Avenue property. Debtor had previously been the state court conservator for Betty Schneider and the trustee for the Betty L. Schneider Trust.

In August of 2013, John Yun, the successor guardian and conservator for Betty Schneider, filed a petition for the sale of the Lark Avenue property in Oakland County Probate Court to provide funds for the continued care of Betty Schneider. On September 11, 2013, the Probate Court entered an order for the sale of the Lark Avenue property. Debtor filed her bankruptcy petition on the same

day, staying the sale. On December 10, 2013, Debtor received her discharge.

On November 21, 2013, John Yun filed a motion to lift the stay to permit him to proceed with the sale of the Lark Avenue property. On December 16, 2013, this Court entered an order granting that motion including a provision that 1/2 of the sale proceeds were to be turned over to the Trustee. On May 21, 2014, the Trustee filed an application to employ RE/MAX in the Hills to market and sell the Lark Avenue property after attempts by John Yun to market and sell the property were not successful. An order approving the employment of RE/MAX in the Hills was entered on May 23, 2014.

On April 28, 2014, John Yun filed a motion seeking a determination that certain pending state probate proceedings did not violate § 524. One of these proceedings involved Debtor as prior conservator for Betty Schneider. The other involved Debtor as prior trustee of the Betty L. Schneider Trust. In both matters, Debtor filed petitions seeking approval of the accounts pertaining to her handling of the assets of the Trust and Yun had filed objections. On June 5, 2014, this Court entered an order holding that the proceedings in Oakland County Probate Court could proceed without violating § 524 or the automatic stay.

Previously, on December 6, 2013, Yun had timely filed a § 523 adversary proceeding against Debtor relating to her rolls as conservator for Betty Schneider and trustee of the Trust. Count I alleges fraud and defalcation under § 523(a)(4). Count II alleges embezzlement and larceny. Count III alleges false pretenses, false representation or actual fraud. Count IV alleges a willful and malicious injury. On June 11, 2014, the Court entered a stipulated order staying the adversary proceeding pending the outcome of the indicated proceedings in the Oakland County Probate Court, the parties having indicated their mutual belief that a determination regarding Debtor's accountings

2

would assist in narrowing the issues in the adversary proceeding.

On September 3, 2014, the Trustee and John Yun entered into a stipulation authorizing the Trustee to sell the Lark Avenue property pursuant to § 363(h). On October 17, 2014, the Trustee filed an application to replace realtor RE/MAX in the Hills with Century 21 Today, Inc., due to objections by, and issues with, Debtor. The order approving Century 21, Today, Inc. as realtor was entered on October 20, 2014. On October 28, 2014, the Trustee filed a motion to compel Debtor to afford access to the property, alleging that Debtor had failed to provide it to the Trustee's real estate agent. Debtor objected and the Court conducted a hearing, following which, on December 11, 2014, the Court entered an order compelling Debtor to provide the requested access to the property.

On December 16, 2014, Debtor filed a motion to convert her case to Chapter 13. The Trustee filed an objection. Incident thereto, hearings and discovery were scheduled and took place and Debtor was required to and did file amended Schedules I and J and a Chapter 13 plan.

Debtor's originally filed Schedule A lists the Lark Avenue property as being owned in common with her mother's Trust, with a value of $49,000, against which there is a secured tax claim of $3,541. Debtor's proposed Chapter 13 plan indicates her residence (not the Lark Avenue property, but another property) was being surrendered and says the market value of the Lark Avenue property is 0, and provides specifically for treatment of the secured claim on that property by way of a direct monthly payment of $100 at 9%. It further states the following with respect to that property, "Debtor owns half interest in home based on deed from Aunt. Debtor now has an additional 25% interest in remaining portion as her Mother passed away on January 2015 and there are four heir."

## PARTIES' POSITIONS

3

Debtor acknowledges that she has already received a Chapter 7 discharge and states that she is not seeking a discharge under Chapter 13. Debtor contends that her circumstances have changed such that she will be able to successfully propose and fund a Chapter 13 plan. Debtor has filed amended Schedules I and J in which she lists income of $1,400 per month. This income is not currently being received but is an expectation of receiving Social Security Disability benefits at some point. Debtor states that she was denied such benefits in October of 2014, however she intends to reapply and believes that she will be approved based on the fact that her physician supports her claim of disability.

Debtor asserts that she has acted in good faith and has cooperated with the Trustee to the best of her ability.

The Trustee objects to Debtor's motion to convert primarily because Debtor has no income and has provided no evidence that she can confirm a Chapter 13 plan. The Trustee also contends that the motion to convert should be denied because Debtor has already received a discharge under Chapter 7. Further, the Trustee asserts that Debtor has acted in bad faith and abused the bankruptcy process, contending that Debtor's motion to convert is merely an attempt to thwart the Trustee's attempts to sell the Lark Avenue property.

**DISCUSSION**

Section 706(a) of the Bankruptcy Code provides that:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if this case has not been converted under section 1112, 1208, or 1307 of this title.

Section 706(d) places the following limitation on the debtor's right to convert under §

4

706(a):

> Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

Section 109(e) of the Bankruptcy Code determines who may be a debtor under Chapter 13, and provides in pertinent part:

> Only an individual with regular income . . . may be a debtor under chapter 13 of this title.

Section 101(30) of the Code further defines "individual with regular income" to mean "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title." 11 U.S.C. § 101(30). It is the debtor's burden to demonstrate that he or she has such regular income. *In re Sassower*, 76 B.R. 957, 961 (Bankr. S.D.N.Y. 1987) (debtor must produce credible evidence of existence of a regular income). It is widely recognized that Congress intended the term "regular income" as used in sections 101(30) and 109(e), to be interpreted broadly. *In re Lovell*, 444 B.R. 367, 368 (Bankr. E.D. Mich. 2011); In *re Varian*, 91 B.R. 653, 654 (Bankr. D. Conn.1988).

No matter how broadly the term is construed, here Debtor simply has no income. She testified that she was denied Social Security Disability benefits in October of 2014 and, although she intends to, as of the date of the evidentiary hearing, she had not yet reapplied for benefits. Debtor's anticipated disability benefits are simply too speculative for the Court to find that she is an individual with regular income. *See In re Nealen*, 407 B.R. 194, 204 (Bankr. W.D. Pa. 2009) ("Litigation . . . is speculative in nature and can hardly be described as a source of 'regular income.'"); *In re Smith*, 234 B.R. 852, 854 (Bankr. M.D. Ga. 1999) ("The Bankruptcy Code does not invite individuals to become debtors under Chapter 13 if the prospects for the success of the case

5

are speculative and based on uncertain future developments, the likelihood of which is not reasonably assured. In plain language, individuals without 'regular income' are not eligible to be debtors under Chapter 13 of the Code."); *In re Jones*, 174 B.R. 8, 13 (Bankr. D.N.H. 1994) ("The requirement that the income of the debtor be 'sufficiently stable and regular' to enable the debtor to make payments under the chapter 13 plan is not met by mere allegations that there is an income potential which is contingent upon developments that appear unlikely based on the evidence before the Court.").

     Accordingly, the Court concludes that Debtor is not eligible under Chapter 13 and, therefore, her motion to convert must be denied. Because the Court finds Debtor ineligible under Chapter 13, it is not necessary to address the other arguments raised by the Trustee, although the Court believes, based only however on the insufficient record before it, the Trustee's bad faith argument could possibly have some merit.

**Signed on June 16, 2015**

                                          **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**